IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00400-PAB-MEH

GLENICE MARTINEZ,

    Plaintiff,

v.

JAMES QUINN, in his official and individual capacities,
PEGGY HEIL, in her official and individual capacities,
ESTATE OF TOM CLEMENTS, and
TONY CAROCHI, Acting Executive Director of the DOC, in his official capacity,

    Defendants.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion for Protective Order and to Stay Discovery [filed April 18, 2013; docket #14]. The motion has been referred to this Court for disposition [docket #15]. The Court concludes that, due to binding authority on this issue, neither a response brief nor oral argument would materially assist the Court in adjudicating this motion. For the reasons that follow, Defendants' motion is **granted**.

**I.    Background**

Plaintiff, a contract paralegal, originated this action on February 14, 2013, then filed an Amended Complaint on April 5, 2013 as a matter of course alleging essentially that Defendants have denied her rights to First Amendment freedom of speech by directing her to leave a public meeting. *See* Amended Complaint, ¶ 17, docket #19 at 10-11. On April 18, 2013, the Defendants responded to the Amended Complaint by filing Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6),

asserting, among other defenses, that they are entitled to qualified immunity in their personal capacities. *See* dockets #12 and #13. Contemporaneously with these motions, Defendants filed the present Motion to Stay arguing that, "until this threshold immunity question is resolve, discovery should not be allowed." Docket #14 at 2-3.

## II.   Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendants have filed motions to dismiss the Plaintiff's Amended Complaint asserting, among other defenses, that they enjoy qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Court acknowledges that Plaintiff opposes the present motion. However, because Defendant's Motions to Dismiss raise legal questions of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright*, 51 F.3d at 1534. The case is still in the early stages of litigation; no scheduling

conference has been held, and Defendants responded to Plaintiff's Amended Complaint with the pending motions to dismiss that could fully dispose of Plaintiff's claims before engaging the discovery process.  Therefore, pursuant to binding authority on this issue, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss.

### III.  Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion for Protective Order and to Stay Discovery [filed April 18, 2013; docket #14] is **granted**.  The proceedings of this case are hereby temporarily stayed pending the District Court's ruling on Defendants' Motions to Dismiss.  The Scheduling Conference currently set for May 6, 2013 is **vacated**.  The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motions to Dismiss.

Dated at Denver, Colorado, this 3rd day of May, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge