IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00400-PAB-MEH

GLENICE MARTINEZ,

    Plaintiff,

v.

JAMES QUINN, in his official and individual capacities,
PEGGY HEIL, in her official and individual capacities,
ESTATE OF TOM CLEMENTS,
LISA CLEMENTS, as personal representative of the Estate of Tom Clements, and
ROGER WERHOLZ, Acting Executive Director of the DOC, in his official capacity,

    Defendants.

---

## ORDER ON MOTION TO AMEND COMPLAINT

---

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint [filed May 13, 2013; docket #22].  The motion has been referred to this Court for disposition.  The matter is fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion.  For the following reasons, the motion is **granted**.

**I.**  **Background**

Plaintiff, a contract paralegal, originated this action on February 14, 2013, then filed an Amended Complaint on April 5, 2013 as a matter of course alleging essentially that Defendants have denied her rights to First Amendment freedom of speech by directing her to leave a public meeting. *See* Amended Complaint, ¶ 17, docket #10 at 10-11.  On April 18, 2013, the Defendants responded to the Amended Complaint by filing Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting, among other defenses, that they are entitled to qualified immunity in their personal capacities. *See* dockets #12 and #13. Contemporaneously with the motions to dismiss, Defendants filed a motion to stay discovery arguing that, "until this threshold immunity question is resolve,

discovery should not be allowed." Docket #14 at 2-3. The Court granted Defendants' motion and discovery in this case is temporarily stayed pending a ruling on the motions to dismiss. Meanwhile, Plaintiff filed the present motion seeking leave to file the attached proposed Second Amended Complaint.

Essentially, Plaintiff seeks to substitute as a Defendant Roger Werholz, the Acting Executive Director of the Colorado Department of Corrections, for Tony Carochi, the former Acting Executive Director. Further, Plaintiff wishes to add as a Defendant Lisa Clements, who is purportedly the Personal Representative for the Estate of Tom Clements. Finally, Plaintiff seeks to add factual allegations concerning "notice" to the Defendants "that she was ordered to leave the public forum." Motion, docket #22 at 2. Incorporating their motions to dismiss and briefs in support of the motions, Defendants counter that the motion to amend should be denied on the basis of futility, because "Plaintiff's third complaint is subject to dismissal on the same grounds as the first two." Response, docket #26 at 2.

Plaintiff replies ostensibly rebutting an argument made by the Defendants in their motions to dismiss. Specifically, the Plaintiff states:

> The Defendants claim that because the Plaintiff did not disobey the order and was not arrested, then there can be no liability for her exclusion from the public forum. The Defendants are confusing the Fourth Amendment with the First Amendment. The Plaintiff need not suffer a deprivation of her Fourth Amendment rights (by being falsely arrested and removed from the limited purpose public forum) in order to state a claim for relief for deprivation of her First Amendment rights. In other words, just because the Plaintiff was not arrested and forcibly removed from the limited purpose public forum, it does not follow that the Plaintiff was *not* deprived of her First Amendment rights when she left the public forum after being ordered to leave. The Defendants have cited no case law, and no case exists, that a Plaintiff must suffer a Fourth Amendment deprivation by being forcibly and wrongfully removed from a public forum before that Plaintiff can state a claim for relief for deprivation of her First Amendment right to free speech and association in that public forum.

Reply, docket #27 at 3-4. The Plaintiff does not specify which portion of the proposed pleading to

2

which her argument is addressed.

## II.     Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Rule 15 instructs courts to "freely give leave when justice so requires."  *Id.*  Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Defendants do not challenge the timeliness of Plaintiff's proposed amendments, and the Court finds that such amendments are timely.  Due to the temporary stay of discovery in this case, the Court has issued no Scheduling Order and, thus, no deadline has been set for joinder of parties and amendment of pleadings.

Moreover, the Court finds that Plaintiff's amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Defendants claim no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, discovery has not yet begun and trial has not been scheduled in this case.

With respect to Defendants' futility argument, Defendants mention nothing about the addition of Roger Werholz and Lisa Clements as defendants in this case. Rather, Defendants focus specifically on their arguments made in the pending motions to dismiss. Obviously, the pending motions would say nothing concerning parties not yet named in the action. Thus, in the interest of justice, the Court grants Plaintiff's motion to substitute Roger Werholz for Tony Carochi and to add Lisa Clements as a Defendant.

Regarding Defendants' argument that Plaintiff's proposed pleading fails to cure deficiencies identified in the motions to dismiss, the Court finds particularly instructive the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12(b)] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12(b) motion, and frame the issues to be decided.

With this in mind, the Court finds that it is not necessarily improper to amend a pleading

pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12(b) motion. Thus, proposed amendments that seek to clarify or explain facts asserted in an original complaint, or to add additional factual allegations concerning a claim's required elements, are proper. The Court perceives no bad faith on the part of the Plaintiff in seeking to correct defects raised in the Defendants' pending motions to dismiss. However, the Court reminds the Plaintiff of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter*, 451 F.3d at 1206 ( "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition when reviewing any further amendments.

In addition, although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the motions to dismiss currently pending before the District Court in this case. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). Argument about the application of Rule 15(a) in this matter may serve only to interfere with the adjudication of motions already pending before Judge Brimmer.

Thus, the Court finds that Defendants' futility argument is more properly raised and adjudicated in a Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only <u>recommended</u> by this Court, proceeding under Rule 12 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendants will be better served by awaiting an order by Judge Brimmer on their Rule 12 arguments. *See General Steel Domestic Sales, LLC v.*

5

*Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished).

### III. Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Plaintiff's amendments are timely, will not prejudice the Defendants and are not made in bad faith. Moreover, under the circumstances presented here, Defendants' futility argument, supported only by an incorporation of arguments made in the pending motions to dismiss, is more properly heard in the context of a Rule 12(b) motion.

Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Motion for Leave to File Second Amended Complaint [filed May 13, 2013; docket #22]. Pursuant to Fed. R. Civ. P. 4, the Plaintiff shall serve the Second Amended Complaint on the newly added Defendant(s), as applicable. Defendants already served shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 25th day of June, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge